**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NATALIIA HOLOVCHAK, et al.,** | **CIVIL ACTION** |
| Plaintiffs, | |
| *v.* | **NO. 20-210-KSM** |
| **KENNETH T. CUCCINELLI, et al.,** | |
| Defendants. | |

**MEMORANDUM**

**MARSTON, J.**                                                                                  **August 6, 2020**

      Plaintiffs Nataliia Holovchak, Karan Kaushnik, Bernard Uchoa Cavalcanti Vasoncelos, Plinio Rodrigues Calenzo, Prahlad Purohit, Sanjiv Agarwal, and Kanishka Malik sued Defendants Kenneth Cuccinelli and Sarah Kendall in their official capacities with the United States Citizenship and Immigration Services ("USCIS"),[1] alleging that USCIS violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, by unreasonably delaying adjudication of Plaintiffs' Form I-526 immigrant visa petitions. (Doc. No. 12.) Holovchak also asserts a claim against Defendant Director of the National Visa Center ("NVC"), alleging that NVC unreasonably delayed in issuing a fee bill to her and processing her approved Form I-526 petition. (*Id.* at pp. 27–28.)

      Defendants filed a Motion to Sever, Transfer, or Dismiss, in which they argued that: (1) Holovchak's claim should be severed because her I-526 petition has already been approved, while the other six Plaintiffs' petitions have not been, such that Holvochak's claim centers on the

---

[1] Cuccinelli is the Senior Official Performing the Duties of the Director of USCIS, and Kendall is the Chief of the Immigrant Investor Program Office within USCIS. (Doc. No. 12 at ¶¶ 8–9.)

*post-petition* process and is distinct; (2) Holovchak's claim should be dismissed as moot because her petition was forwarded to the Department of State and NVC sent her a fee bill; (3) Agarwal, Kaushik, and Vasconcelo's claims should be dismissed as moot because USCIS issued each of them a Request for Evidence ("RFE"); (4) in the alternative, Agarwal, Kaushik, and Vasconcelo's claims should be severed because each received an RFE based on different factors and eligibility criteria; (5) venue should be transferred to the District for the District of Columbia for the remaining Plaintiffs' claims (Calenzo, Purohit, and Malik), pursuant to 28 U.S.C. § 1404(a),[2] because there is no connection between those petitioners, their claims, and the Eastern District of Pennsylvania; and (6) in the alternative, if venue is not transferred, the remaining Plaintiffs' claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs fail to state a claim under the APA.  (Doc. No. 19.)

In response, Plaintiffs agree that Holovchak and Vasconcelo's claims are moot and should be dismissed because Holovchak received a fee bill and Defendants approved Vasconcelo's Form I-526.  (Doc. No. 21 at p. 1.)  And because Holovchak's is moot (and Holovchak is the only Plaintiff to assert a claim against NVC), Plaintiffs also concede that NVC should be dismissed as a defendant.  Accordingly, we dismiss Holovchak and Vasconcelo's claims and NVC as a defendant.

As to Defendants' other arguments, Plaintiffs contend that even though Agarwal and

---

[2] Although Defendants move to transfer venue *solely* under Section 1404(a), Defendants also argue elsewhere within their motion that venue is improper in the Eastern District.  *Compare* Doc. No. 19 at pp. 20–21 (arguing that Plaintiffs' claims should be transferred to the District of Columbia pursuant to § 1404(a)) *with id.* at p. 9 (setting forth the venue statute applicable to federal defendants and labeling the section as "Improper Venue") *and id.* at p. 10 ("Defendants file this motion to . . . transfer the remaining claims for improper venue.").  But if venue were in fact improper in this District, 28 U.S.C. § 1406—*not* § 1404(a)—would apply.  Given the Court's analysis herein, venue is proper in the Eastern District and § 1404(a) governs the determination of whether the case should be transferred.

Kaushik received RFEs, their claims are not moot because an RFE is not a *final* decision on their Forms I-526. (*Id.* at p. 2.) Plaintiffs also argue that Agarwal and Kaushik's claims should not be severed because Defendants are seeking to defend the delays as a whole, rather than defending based on individualized facts. (*Id.* at pp. 17–18.) Further, Plaintiffs oppose Defendants' assertion that any remaining Plaintiffs' claims should be dismissed under Rule 12(b)(6), arguing first, that Defendants have deprived the Court of a factual record (which they assert is necessary to decide the motion to dismiss)[3] and second, that the factual allegations in the Amended Complaint suffice to state an unreasonable delay claim under the APA. (*Id.* at pp. 3–17.)

With respect to transfer of venue, Plaintiffs *agree* with Defendants that any remaining claims (to the extent they are not first severed or dismissed) should be transferred to the District of Columbia. In their briefs, both Plaintiffs and Defendants make clear that transfer should occur only *after* the Court decides the remainder of the motion.[4] For the reasons discussed below, we decline the parties' invitation to do so and will exercise our discretion to transfer the entirety of the case (with the exception of Holovchak and Vasconcelo's claims, which both parties agree are moot) to the District of Columbia.

I.

28 U.S.C. § 1391(e) governs venue for claims, like those here, brought against the United States itself, any agency of the United States, or officers or employees of the United States or its agencies who are acting in their official capacities. *See* 28 U.S.C. § 1391(e). Under § 1391(e),

---

[3] Plaintiffs have separately filed a Motion to Expedite Discovery. (Doc. No. 15.)

[4] The Court held a telephonic status conference with counsel for both parties on July 27, 2020. On the call, Defendants changed their position and stated that they defer to the Court in terms of whether the case should be transferred in its entirety as an initial matter or whether the Rule 12(b)(6) motion and mootness and severance arguments need to be decided first. Plaintiffs' counsel emphasized that they responded to Defendants' motion as it originally stood (i.e., seeking a decision on the viability of the claims *before* transfer) but admitted that this Court has discretion as to whether to transfer the case first.

venue is proper in any judicial district in which (a) a defendant in the action resides, (b) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (c) the plaintiff resides if no real property is involved in the action.  *Id.*

"Even if a case is properly venued, however, it need not necessarily remain there." *Aishat v. U.S. Dep't of Homeland Sec.*, 288 F. Supp. 3d 261, 266 (D.D.C. 2018); *see also Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013) ("§ 1404(a) does not condition transfer on the initial forum's being wrong . . . [I]t permits transfer to any district where venue is also proper (i.e., 'where [the case] might have been brought') or to any other district to which the parties have agreed.").  28 U.S.C. § 1404(a) governs transfer where "both the original and the requested venue are proper." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995); *accord Cote v. U.S. Silica Co.*, Civil Action No. 18-0835, 2018 WL 3032866, at *1 (E.D. Pa. June 19, 2018) ("Analysis of a request for transfer under § 1404(a) generally has two components.  First, both the original venue and the requested venue must be proper.").  Under § 1404(a), a district court may for the convenience of the parties and witnesses and in the interest of justice "transfer any civil action to any other district or division where it may have been brought or to any district or division to which all parties have consented."  *See* 28 U.S.C. § 1404(a).  "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

In contrast, § 1406 "applies where the original venue is improper[.]" *Jumara*, 55 F.3d at 878.  Under § 1406(a), the court may either dismiss the action or "if it be in the interest of

justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Therefore, as a threshold matter, to determine whether transfer is appropriate under § 1404(a), we must first consider whether the original and requested venues are proper under § 1391(e).

II.

The crux of Defendants' transfer argument is that Holovchak, who resides in Huntingdon Valley, Pennsylvania (Doc. No. 12 at ¶ 1), is the *only* Plaintiff with a connection to the Eastern District,[5] and once her claim is dismissed as moot, there will be no nexus between this District and Plaintiffs or their claims. (Doc. No. 19.)

To that end, the mootness and pending dismissal of Holovchak's claim appears to form the basis for Defendants' contention that venue is improper in this District. (See Doc. No. 19 at pp. 9–10.) But Defendants are mistaken. "[V]enue is determined at the *outset* of the litigation and is not affected by a *subsequent* change in parties." *Exxon Corp v. FTC*, 588 F.2d 895, 899 (3d Cir. 1978*), overruling recognized on other grounds*, 751 F.3d 129 (3d Cir. 2014) (emphasis added); *see also Lawman Armor Corp. v. Winner Int'l, LLC*, No. CIV.A. 02-4595, 2003 WL 22902808, at *4 (E.D. Pa. Dec. 10, 2003) ("The district in which proper venue lies is determined at the time the complaint is filed." (internal quotation marks and citations omitted)); *Zaretsky v. Gemological Inst. of Am., Inc.*, Civil Case No. 13-3807 (FSH)(JBC), 2014 WL 683983, at *2 (D.N.J. Feb. 20, 2014); *Kerik v. Tacopina*, Civil Case No. 14-488 (FSH), 2014 WL 1340038, at *6 n.9 (D.N.J. Apr. 3, 2014) ("It is of no moment that [one of the parties] is no longer part of this

---

[5] Calenzo resides in Brazil; Purohit resides in Fremont, California; Malik resides in Brooklyn, New York, Agarwal resides in Canada; Kaushik resides in Seattle, Washington, and Vasconcelos resides in Orlando, Florida. (Doc. No. 12 at ¶¶ 2–7.)

5

matter for purposes of analyzing venue."); *White v. Wexford Health Sources, Inc.*, Nos. 2:09-cv-00161, 2:09-cv-00162, 2012 WL 3913956, at *1 (N.D. Miss. Sept. 7, 2012) ("Venue is determined at the outset of litigation and is not affected by subsequent events.").

For example, in *A.J. Taft Coal Co., Inc. v. Barnhart*, the court determined that venue was proper under § 1391(e), even though the plaintiffs who resided in that district (and formed the basis for venue being proper in that district) had been dismissed from the case. 291 F. Supp. 2d 1290, 1303 (N.D. Ala. 2003). Ninety-eight plaintiffs initially brought the action in the Northern District of Alabama, and "only two of those companies were incorporated in Alabama at the time of filing and had a justiciable claim." *Id.* at 1302. The claims of those two Alabama plaintiffs "became moot as the lawsuit progressed." *Id.* at 1304. Nonetheless, the court held that venue was proper because at least one plaintiff resided in Alabama and had a justiciable claim *when the complaint was first filed*. *Id.* at 1303. In so ruling, the court emphasized that "venue is determined at the time of filing, not later in the case after parties have been dismissed." *Id.* The court also examined the standing and mootness doctrines, *id.* at 1303–06, and explained that "even if the claims of the two Alabama plaintiffs became moot during the course of the litigation, those plaintiffs had standing to bring the lawsuit initially," making venue proper, *id.* at 1303.

Thus, it is neither here nor there that Holovchak's claim became moot as this matter evolved. Instead, the relevant inquiry is: Was venue proper when Plaintiffs *initially* filed their complaint? As Holovchak resides in Huntingdon, Pennsylvania, we find that venue was proper at the outset because § 1391(e) provides that venue is proper in *any* district in which *any* plaintiff resides.

However, as both parties recognize, venue is also proper in the District of Columbia. This is so because Defendants reside in the District of Columbia. *See* 28 U.S.C. § 1391(e) (venue is proper in any judicial district in which (a) a defendant in the action resides, [or] (b) a substantial part of the events or omissions giving rise to the claim occurred"); *see also Adams, Nash & Haskell, Inc. v. United States*, Civil Action No. 2:19-cv-03529, 2020 WL 1305620, at *2 (D.N.J. Mar. 19, 2020) ("For purposes of § 1391(e)(1)(A), the United States and its agencies reside in Washington, D.C."); *Bourdon v. U.S. Dep't of Homeland Sec.*, 235 F. Supp. 3d 298, 304 (D.D.C. 2017) ("With respect to the first basis for venue, the residence of an official defendant is determined on the basis of the official residence of the federal officer or agency. The official residences of a number of Defendants in this action . . . [including] USCIS, and the Director of the USCIS—are all within the District of Columbia."). Moreover, as Defendants argue, a substantial part of the events or omissions giving rise to the claims occurred in that District since the adjudicators and relevant records are located in the District. (Doc. No. 19 at p. 21.)

III.

Having made the threshold determination under § 1404(a) that venue is proper in both forums, the Court now considers the *Jumara* private and public interest factors to determine whether transfer to the District of Columbia under § 1404(a) is appropriate in this case. *See Jumara*, 55 F.3d at 879; *see also White v. ABCO Eng'g Corp.*, 199 F.3d 140, 142 (3d Cir. 1999) (requiring a case specific determination that transfer is proper even when transfer has been stipulated to by all the parties in the case).

In *Jumara*, the Third Circuit explained that the private interests include: (1) the "plaintiff's forum preference as manifested in the original choice"; (2) the defendant's forum preference; (3) "whether the claim arose elsewhere"; (4) "the convenience of the parties as

indicated by their relative physical and financial condition"; (5) "the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora"; and (6) "the location of books and records (similarly to the extent that the files could not be produced in the alternative forum)." *Id.*  The public interest factors include: (1) "the enforceability of the judgment"; (2) "practical considerations that could make the trial easy, expeditious, or inexpensive"; (3) "the relative administrative difficulty in the two fora resulting from court congestion"; (4) "the local interest in deciding local controversies at home"; (5) "the public policies of the fora"; and (6) "the familiarity of the trial judge with the applicable state law in diversity cases." *Id.*

We first address the private interest factors in turn.  Plaintiffs originally filed this action the Eastern District but agree that the matter should ultimately be transferred to the District of Columbia.  (*See* Doc. No. 21 at p. 1.)  Defendants' stated preference is the District of Columbia.  (Doc. No. 19 at p. 8.)  With respect to the third factor, as Defendants note, "for the petitions still at issue in this case, the claims arose in the district for the District of Columbia where relevant records and adjudicators are located." (*Id.* at p. 21.)  We find that all three of these factors weigh in favor of transfer.

Neither party addresses the convenience factor, though it likely weighs in favor of transfer because the relevant adjudicators are located in the District of Columbia.  As for the fifth factor, the Court observes that neither party represents that it intends to call non-party witnesses (indeed, in Defendants' view, concerns about witnesses are irrelevant because an APA case is "limited to consideration of an administrative record" (*Id.*)), and "the convenience of non-party witnesses is the main focus of this *Jumara* factor."  *See Palagano v. NVIDIA Corp.*, Civil Action No. 15-1248, 2015 WL 5025469, at *6 (E.D. Pa. Aug. 15, 2015).  Accordingly, this factor is

8

neutral.  Defendants argue that the relevant records are located in the District of Columbia, though the Court notes that the location of books and records factor is "limited to the extent that files could not be produced in the alternative forum," and neither party makes such a claim.  *See Jumara*, 55 F.3d at 879; Doc. Nos. 6-2, 10.  As a result, the Court finds this factor has a neutral effect as well.

As to the public interest factors, there is no likelihood of an enforcement problem in either fora, nor any clear difference in policy preferences for the two locales.  In terms of practical considerations, this factor likely weighs in favor of transfer, as there is no nexus between the Plaintiffs, their claims, or the Eastern District, no Plaintiff resides in the District, and the adjudicators are located within the District of Columbia.[6]  The most recent National Judicial Caseload Profile indicates that there are 8,422 pending cases in the Eastern District (about 406 cases per Judge), and 4,605 pending cases in the District of Columbia (about 355 cases per Judge).  *See* U.S. Dist. Cts. Nat. Judicial Caseload Profile (Mar. 31, 2020), *available at* https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0331.2020.pdf.  Because the Eastern District is slightly more congested than the District of Columbia, this factor weighs in favor of transfer.  The Eastern District's interest in the case is limited, given that none of the alleged events at issue transpired in the District, nor are any of the remaining Plaintiffs Pennsylvania residents.  The District of Columbia's interest in adjudicating the case is stronger, since the agency and its officials are located in the District.  Finally, with respect to familiarity

---

[6] During our July 27, 2020 call with the parties, Plaintiffs' counsel stressed that this is an unreasonable delay case and encouraged us to rule on the other issues before transferring, since transfer may require additional briefing on the Rule 12(b)(6) motion and Plaintiffs' motion for discovery and, as a result, further delay resolution of Plaintiffs' claims.  While we understand Plaintiffs' concerns, we find that the interests of judicial economy and efficiency favor transferring the case in its entirety (particularly given that Plaintiffs agree that the matter should be transferred to the District of Columbia, and the only question is as to *when*).

with the law, the Court finds this factor to be neutral because the APA claims at issue involve federal—not state—law.

Therefore, after careful consideration of all these factors, the Court concludes that transfer to the District of Columbia is appropriate under Section 1404(a).

Because we find that transfer is warranted, we decline to review Defendants' other arguments in their Motion as to the viability of Plaintiffs' claims. *See Cooper ex rel. estate of Cooper v. Correct Care Sols.*, Civil Action No. 18-4358, 2019 WL 1227713, at *5 (E.D. Pa. Mar. 15, 2019) ("We grant Defendants' motion to transfer venue of this case. Accordingly, we decline to evaluate the merits of the Correct Care Defendants' motion to dismiss."); *Leonettl's Frozen Foods, Inc. v. Crew, Inc.*, 140 F. Supp. 3d 388, 392 (E.D. Pa. 2015) ("As we find transfer to this matter of the Western District of Arkansas is warranted, we decline to review CREW's arguments under Rules 12(b)(2) and 12(b)(6)."). *Sanders-Darigo v. CareersUSA*, 847 F. Supp. 2d 778, 788 n.9 (E.D. Pa. 2012) ("CareersUSA has also filed a motion to dismiss for failure to state a claim . . . Because I am transferring the case, I decline to decide the Rule 12(b)(6) motion."); *Brown v. Maue*, No. Civ. 1:CV-04-2647, 2005 WL 1420776, at *3 (M.D. Pa. 2005) ("[T]he court will grant the Beard Defendants' request to transfer venue to the Western District. The court declines to rule on any other aspect of the Beard Defendants' motion to dismiss.").

An appropriate order follows.